UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERROLD RHODES and RACING GROUP IKON INTERNATIONAL, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:06CV1703 HEA |
| CORNELL HAYNES, JR., a.k.a. NELLY, et al, | ) ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim, or For a More Definite Statement, [this Court's Doc. No. 25]. Plaintiffs oppose the motion. For the reasons set forth below, the Motion is granted in part and denied in part.

This action was transferred from the Central District of California, Western Division, on November 24, 2006. In his Order of October 30, 2006, Judge George P. Schiavelli, District Judge for the Central District of California granted Defendants Haynes and Fillmore Street Brewery's Motion to transfer, finding that venue was improper in the Central District of California. Judge Schiavelli found that he did not need to reach Defendants' Motions to Dismiss for Failure to State a Claim because

of the transfer.  This motion is therefore pending before this Court.

## **Facts and Background**[1]

The Complaint alleges the following: Plaintiff Jerrold Rhodes is an established National Hot Rod Association and NOPI Drag Racing Association racecar driver.  Plaintiff Racing Group is a drag racing corporation.

On May 26, 2005, Defendant Wildgoose prepared a written racing sponsorship proposal, and while ostensibly acting as Plaintiffs' fiduciary or agent, presented the proposal to Defendants Haynes and Fillmore Street Brewery, LLC. (Fillmore).  On June 10, 2005, Wildgoose represented that Haynes and Fillmore had agreed to the contract and would be Plaintiffs' primary racing sponsor.  From June 10, 2005 through June 28, 2005, Haynes and Fillmore allegedly also represented that they had agreed to the sponsorship contract by issuing a written press release that was also posted on their website announcing their sponsorship of Plaintiffs, providing Plaintiffs with professionally printed logos to place on Plaintiffs' vehicles, providing Plaintiffs with their product, Pimpjuice, and t-shirts for fans, and issuing television and print ads that included photographs of the Plaintiffs and their race car

---

[1] The facts set forth herein are taken from the transfer Order and Plaintiffs' "Verified Complaint."  From the pleadings that have been transferred to this Court, it appears that neither Plaintiff has in fact verified the allegations set forth in the Complaint.  This statement of facts is set forth for the purposes of the Motions to Dismiss only, and in no way relieves any party of proof of the facts in later proceedings.

bearing Defendants' logo.

Plaintiffs allege that the representations by Wildgoose and Haynes and Fillmore were deliberately false. They further allege that Haynes and Fillmore never actually signed a contract and had no intention of actually fulfilling the proposed contract, but had, in fact entered into a separate agreement with Wildgoose wherein Haynes and Fillmore would accept the benefits of advertising and promoting their product at Plaintiffs' expense without making any payments to Plaintiffs. Plaintiffs allege that they are "further informed and believe, and based thereon allege" that Defendants also made an agreement wherein Haynes and Fillmore paid compensation to Wildgoose separately for obtaining the advertising and promotion of Haynes and Fillmore's products by Plaintiffs without compensating Plaintiffs for that advertising and promotion. According to Plaintiffs, Defendants' misrepresentations were intentional and were made with the intent to defraud Plaintiffs and to induce them to advertise and promote the products.

Count II of the Complaint alleges a violation of the California Civil Code for use of Plaintiffs' names, photographs, signatures and likenesses without Plaintiffs' consent. It also alleges that Wildgoose conspired with Haynes and Fillmore to accomplish the unauthorized use.

Count III of the Complaint alleges that Haynes and Fillmore misappropriated

Plaintiffs' identity and image for commercial purposes for their commercial advantage and without Plaintiffs' consent. It further alleges that Wildgoose conspired with Haynes and Fillmore to accomplish the misappropriation of Plaintiffs' identity and image and that they received commercial advantages from the misappropriation.

Count IV is a claim for intentional infliction of emotional distress against all defendants. It claims that in committing the fraud and misrepresentation, Defendants caused Plaintiff Jerrold Rhodes illness, injury and emotional distress.

Count V is a claim for punitive damages.

Count VI is an alternative Count for Breach of Contract against Defendants Haynes, "Pimpjuice"[2] and Fillmore and Does 1-25. This count alleges that Defendants Haynes and Fillmore entered into a written agreement with Plaintiffs wherein Plaintiffs were to provide opportunities for the Pimpjuice logo to be seen on Plaintiffs' race care, trailer, uniforms, and other opportunities for the product to be advertised and promoted. Defendants were allegedly to pay Plaintiffs $75,000 for the first racing season of sponsorship. The count further alleges that Haynes and Fillmore demonstrated their assent to the written agreement by issuing a written

---

[2] It appears to the Court that "pimpjuice" is not an entity, rather, it is the product produced by Fillmore Street Brewery. The Court, therefore has not included "Pimpjuice" in its facts as a defendant, however, Count VI specifically designates "Pimpjuice" as a defendant.

press release that was also posted on their website announcing their sponsorship of Plaintiffs. It is alleged that these defendants breached the contract on September 13, 2005 by refusing to pay the agreed compensation, in spite of Plaintiffs' full performance of all duties required.

Counts VII, VIII and IX are brought against Defendants Julie Wildgoose, Julie Wildgoose, Inc. and Media in Motion, alleging Breach of an Oral Contract, intentional interference with a Prospective Economic Advantage and Breach of Fiduciary Duties, respectively.

Count X is against all defendants based on the theory of unjust enrichment.

Although primarily focused on dismissal based on lack of personal jurisdiction or improper venue, Defendants also claim that the Complaint fails to state a cause of action pursuant to Rule 12(b)(6). Defendants also ask alternatively for a more definite statement.

## Discussion

## Standards of Review

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46

(1957); *Gilmore v. County of Douglas, State of Neb*., 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46.

    The Federal Rules of Civil Procedure provide that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P.

12(e). "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." *Tinder v. Lewis County Nursing Home Dist.,* 207 F.Supp.2d 951, 959 (E.D.Mo.2001) (internal citations omitted). This is a stringent standard, which, in light of the liberal notice pleading standards of the federal rules, is rarely met. *Meridian Enterprises Corp. v. Bank of America Corp.,* 2006 WL 3210497, at *1 (E.D.Mo., Nov. 3, 2006) ("motions for a more definite statements are rarely granted"). These pleading rules require only "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47. Rule 12(e) further requires that the party seeking a more definite statement "point out the defects complained of and the details desired." Fed.R.Civ.P. 12(e). As one court interpreted this rule, "Rule 12(e) is a remedy for unintelligible pleadings; not a tool to correct a claimed lack of detail." *Kia Motors America Inc. v. Autoworks Distributing,* 2006 WL 2943306, at *3 (D.Minn., Sept. 28, 2006). In addressing Defendant's 12(e) Motion for More Definite Statement, this Court will apply this strict standard, granting the motion only if the pleadings are unintelligible.

Complaints alleging fraud must comply with Rule 9(b) of the Federal Rules. Under Rule 9(b), "the circumstances constituting fraud ⋯ shall be stated with

particularity." Rule 9(b)'s "particularity requirement demands a higher degree of notice than that required for other claims," and "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *United States ex rel. Costner v. URS Consultants, Inc.,* 317 F.3d 883, 888 (8th Cir.2003) (citing *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920-21 (8th Cir.2001)). To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. *See, e.g., Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 746 (8th Cir.2002). The complaint must identify the "who, what, where, when, and how" of the alleged fraud. *Costner,* 317 F.3d at 888 (citing *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 550 (8th Cir.1997)); *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006). Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Rule 9(b) requires more than "conclusory and generalized allegations." *Joshi,* 441 F.3d 552, 557(citing *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 746 (8th Cir.2002) ("'[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy [Rule 9(b) ].'")

(quoting *Commercial Prop. Inv. v. Quality Inns,* 61 F.3d 639, 644 (8th Cir.1995).

In analyzing whether a Complaint states a cause of action under the provisions of Rule 12(b)(6), the Court confines its analysis to the Complaint itself to determine whether the Complaint contains sufficient allegations to put the defendants on notice of cognizable claims against them. Defendants herein ask the Court to look outside the Complaint at documents and emails which are not attached to the Complaint and are not made a part thereof. Defendants state that the Complaint "impliedly" incorporates these document. Such "implication" is insufficient to afford consideration by the Court in determining the propriety of dismissal. Defendants also attach affidavits to their motions regarding the emails and documents. In that the matter is before the Court on motions to dismiss, the Court will not consider affidavits nor other documentation.

With respect to the sufficiency of the Complaint, Counts II through X sufficiently notify Defendants of Plaintiffs' claims against them. Plaintiffs incorporate the factual allegations which they claim support these counts. Plaintiffs set forth the specific elements of these claims and allege that Defendants took all of the actions required to satisfy the elements. At this stage of the litigation, it is sufficient that Plaintiffs set forth what they claim Defendants did to cause damage. The Court makes no determination of the validity of the claims.

Notwithstanding the sufficiency of Counts II through X, Count I fails in that it does not specifically set forth the who, what, where, when, and how of the alleged fraud. Although Plaintiffs give some detail, Count I fails to set forth when and where the alleged separate agreement between Wildgoose and Haynes and Fillmore was created. Furthermore, although Count I is brought against "all defendants," Count I makes no allegations against Defendants Does 1-50.[3] This Count clearly fails to set forth with the required specificity all of the requirements needed to state a claim for fraud under Rule 9 of the Federal Rules of Civil Procedure. As such, it must be dismissed. Plaintiffs will be given leave to amend this Count.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, [Doc. No. 25], is granted in part and denied in part.

Dated this 13th day of February, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[3] Even if Plaintiffs had asserted allegations against Defendants Does 1-50, they too would have been insufficient in that the parties could not ascertain the identity of these defendants as named.