UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERROLD RHODES and RACING GROUP IKON INTERNATIONAL, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:06CV1703 HEA ) |
| CORNELL HAYNES, JR., a.k.a. NELLY, et al, | ) ) ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Jerrold Rhodes' Motion to Compel, [Doc. No. 67] and Defendants Wooten and Wolfsberger's Motion to Dismiss for Failure to Timely Serve the Summons and Amended Complaint, [Doc. 71]. Oppositions have been filed to each motion. Defendants have filed a reply to Plaintiff's Opposition to the Motion to Dismiss. For the reasons set forth below, the Motions are denied.

## Motion to Compel

Plaintiff Rhodes seeks further responses to interrogatories and further responses to the request for production of documents and actual production of documents. The Court has reviewed Defendant Fillmore's responses and

production.  Fillmore has provided some answers and documents.  With respect to some interrogatories and requests for production, Fillmore has articulated its objections for failing to answer or produce documents.  Plaintiff does not specifically advise the Court what information he additionally seeks from this defendant, nor does he present argument which would negate Fillmore's objections.  As such, the Court is unable to ascertain, or otherwise divine, whether further responses and production are required.  The Motion is therefore denied without prejudice.

## Motion to Dismiss

Defendants seek dismissal based on Plaintiffs' failure to timely serve them with the Amended Complaint, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Plaintiff responds that dismissal is not necessary under Rule 4(m) and argues that Defendants are not prejudiced by the untimely service.

Rule 4(m) provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

As explained in the advisory notes, the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, *and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.*" Fed.R.Civ.P. 4(m) advisory committee's note (emphasis added).

The Eighth Circuit has similarly observed that a district court has discretion to deny a Rule 4(m) motion even where no good cause for delay has been shown:

> "[U]nder Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice."

*Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir. 1996), *quoted in Roberts v. Michaels, d/b/a Mid-South Vending,* 219 F.3d 775, 777 n. 1 (8th Cir. 2000). It is significant to the Court that dismissal is without prejudice.

Service on Defendants was ultimately obtained on January 3, 2008. Furthermore, Defendants have not alleged any substantial prejudice resulting from Plaintiff's delay. The Court is mindful that Defendants have not yet had the opportunity to participate in discovery *per se*, but the Court is confident that Plaintiff and the remaining defendants will provide, in a diligent fashion, all

discovery to date to them. Additionally, the Court will entertain any requests by these Defendants, presumably without any objection by Plaintiffs, for additional time with this delay in mind. Given these facts and the flexibility encouraged by the language of the rule itself, the Court concludes that this is not a case in which dismissal under Rule 4(m) would be appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jerrold Rhodes' Motion to Compel, [Doc. No. 67], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Wooten and Wolfsberger's Motion to Dismiss for Failure to Timely Serve the Summons and Amended Complaint, [Doc. 71], is **DENIED**.

Dated this 7th day of February, 2007.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE